UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **Defendant's Motion to Dismiss Second Amended Complaint and for Sanction**

**Defendant Dane McClain's Motion to Dismiss Amended Complaint**

**Plaintiff's Motion for Leave to File 3rd Amended Complaint**

Cause called and parties make their appearances. The Court's tentative ruling is issued. The parties make their arguments. The Court GRANTS the defendants' motions to dismiss and DENIES the plaintiff motion to amend, ruling in accordance with the tentative ruling as follows:

Defendant First Centennial Mortgage Corporation ("First Centennial") filed a motion to dismiss Plaintiff Gregory Richardson's ("Richardson") Second Amended Complaint ("SAC"). Docket No. 53. Richardson, an attorney, is proceeding pro se. Defendant Dane McClain ("McClain") filed a separate motion to dismiss the SAC. Docket No. 55. Richardson opposed both motions. Docket Nos. 61, 65.[1] First Centennial and McClain each replied. Docket Nos. 63, 72.

---

[1] Richardson failed to timely file an opposition to either Defendants' motion. Docket Nos. 61, 65; Local Rule 7-9. First Centennial filed a notice of non-opposition. Docket No. 57. Richardson responded to the notice of non-opposition, Docket No. 58, and First Centennial replied, Docket No. 64. In addition, McClain argues that the Court should not consider the late-filed oppositions pursuant to Local Rule 7-12. Docket No. 63 at 2. However, First Centennial and McClain have not shown that they would be prejudiced by the Court's consideration of Richardson's oppositions. Furthermore, Richardson's oppositions do not alter the Court's conclusions in this order. Therefore, the Court considers Richardson's late-filed oppositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. <u>EDCV 17-1944 JVS (SPx)</u>   Date <u>November 19, 2018</u>

Title  <u>Richardson v. First Centennial Mortgage Corporation, et al.</u>

    Richardson also filed a motion for leave to file a Third Amended Complaint. Docket No. 68. McClain filed an opposition. Docket No. 70. First Centennial filed a notice of joinder in the opposition. Docket No. 71.

    For the following reasons, the motions to dismiss are **granted** with prejudice, and the motion for leave to amend is **denied as moot**.

### I. BACKGROUND

    Richardson brings claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 et seq., and state common law. The claims arise out of Richardson's divorce action in California Superior Court. Richardson brings claims against Tracy Zhang ("Zhang"), Joseph Howington ("Howington"), First Centennial and McClain. Richardson claims that Defendants conspired against him to deny him of his "constitutional and statutory rights under the United States Constitution, the California Constitution, and the California Rules of Court." SAC, Docket No. 52 ¶ 97. Zhang was the respondent in the divorce action, and Howington represented Zhang. Id. ¶¶ 8–9. McClain is a Senior Escrow Officer at non-party WFG National Title Company of California ("WFG").[2] Id. ¶ 7.

    Richardson alleges that the Borrower's Certification & Authorization ("BCA")[3] that he signed during the divorce proceedings was signed under "false and fraudulent" pretenses because the judge in the proceedings did not have the authority to issue an order requiring Richardson to sign the document. Id. ¶ 89. The crux of Richardson's claims is that the BCA and other documents were used without his consent to support a loan application for which Richardson may be liable. Id. ¶¶ 29, 33, 86, 90. Richardson's previous complaints in this action were all based on the BCA; however, the SAC alleges

---

    [2] For the first time, Richardson refers to WFG as a defendant in the SAC. SAC, Docket No. 52, caption, ¶ 7. The Court has not granted Richardson leave to join WFG as a party. Therefore, the Court strikes any reference to WFG as a defendant in the instant action.

    [3] Richardson attached what he represented to be the BCA as an exhibit to the original complaint, but it was unsigned and undated. See Compl., Docket No. 1, Ex. C. Richardson did not subsequently provide a signed and dated copy.


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 17-1944 JVS (SPx)                              Date  November 19, 2018

Title  Richardson v. First Centennial Mortgage Corporation, et al.

that Defendants collectively committed wrongdoing in connection with (1) the BCA; (2) a judgment in Richardson's divorce proceeding, in part requiring Zhang to make a $75,000 equalization payment to Richardson ("Judgment"); (3) a settlement agreement between Zhang and Richardson ("Settlement"); (4) a document entitled "Without Collection Notice"; (5) a Statement of Information; and (6) a Grant Deed by which Richardson transferred his interest in the family residence to Zhang.[4] Id. ¶¶ 10–26. The SAC defines "DOCUMENTS" as the Statement of Information, the Grant Deed, the "Without Collections Notice," and the BCA.[5] Id. ¶¶ 18–20, 22–23.

The SAC adds allegations that, although Richardson signed the BCA and provided it to Howington ("Petitioner-Endorsed BCA"), Howington returned to the Superior Court for the County of Riverside ("RSC") to request the Clerk to sign a second copy of the BCA on Richardson's behalf ("Clerk-Endorsed BCA"), which Defendants subsequently used in their alleged wrongdoing. Id. ¶¶ 82–88. The SAC also adds the new allegation that First Centennial provided the BCA to Howington, who provided it to McClain, and that First Centennial and Howington authorized McClain to present the BCA to Richardson for his signature. Id. ¶ 27. Lastly, the SAC adds allegations that Zhang's attorney e-mailed Richardson in January 2015 asking him to contact McClain to arrange Richardson's signature for purposes of an unspecified escrow created by McClain using the Documents, Settlement and Judgment. Id. ¶¶ 63–67.

The Court previously granted McClain's motions to dismiss Richardson's original Complaint and his First Amended Complaint ("FAC"). Docket Nos. 37, 50. First Centennial joined McClain in both previous motions to dismiss. Richardson filed the SAC on July 30, 2018. SAC, Docket No. 52. First Centennial moved to dismiss the SAC on August 13, 2018, and McClain moved to dismiss the SAC a week later. Docket Nos. 53, 55.

## II. LEGAL STANDARD

---

[4] Richardson attaches what he represents to be blank and unsigned versions of the Without Collection Notice, Statement of Information, and Grant Deed to the SAC. SAC, Docket Nos. 52-1, 52-2, 52-3. Plaintiff fails to attach copies of the Judgment or Settlement to the SAC.

[5] For purposes of this order, "Documents" refers to DOCUMENTS as defined by Richardson in the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 17-1944 JVS (SPx)                    Date  November 19, 2018

Title   Richardson v. First Centennial Mortgage Corporation, et al.

    Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. For purposes of ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

    Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)). A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. CIBA-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

fraud are not. Id.

A pro se plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a pro se complaint has failed to state a claim, dismissal may be with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).

### III. DISCUSSION

**A.     Requests for Judicial Notice**

First Centennial filed a request for judicial notice ("RJN") in support of its motion to dismiss. Docket No. 54. Richardson opposed First Centennial's RJN. Docket No. 62. First Centennial replied. Docket No. 64.[6] McClain also filed a RJN in support of his motion, which Richardson opposed. Docket Nos. 56, 60.

First Centennial requests judicial notice of two Superior Court filings involving Richardson and Zhang, filed in case number RIC 1512993 and case number RIC 1512993. Docket No. 54 at 2. McClain requests judicial notice of two filings from case number 5:17-cv-00487-VJ-SP in the Central District of California, in which Richardson sued Howington, McClain, and First Centennial, among others. Docket No. 56 at 1–2. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b). For instance, judicial notice is appropriate for court proceedings, if those proceedings have a direct relation to the matter at issue. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Therefore, the Court grants each Defendants' request for judicial notice.

---

[6] Richardson filed a "Response" to First Centennial's reply. Docket No. 66. The Court strikes Richardson's "Response" to the reply as an improper filing. L.R. 7-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

Richardson's opposition to both Defendants' requests attaches copies of a number of documents and asks the Court to take judicial notice of these documents. Docket Nos. 60–62. However, the Court does not rely on these documents in this order, and Richardson does not demonstrate how the documents contain facts relevant to any issues in the instant motions. Therefore, the Court denies Richardson's requests.

**B.     The SAC Fails to State a Plausible Claim for Relief**

First Centennial and McClain each argue that the SAC fails to state a plausible claim for relief. Docket Nos. 53, 55. For the following reasons, the Court agrees.

   1.     Fraud-Based Claims

Richardson's SAC contains six causes of action predicated on fraud. These include the third ("Common Law Fraud"), fourth ("Statutory Fraud and Concealment"), fifth ("Promissory Fraud"), eighth ("Intentional Misrepresentation"), ninth ("Negligent Misrepresentation"), and eleventh ("Common Law Fraud Pertaining to the DOCUMENTS") causes of action. A misrepresentation — a false statement, concealment, or nondisclosure — is an essential element of every claim for fraud. Robinson Helicopter Co. v. Dana Corp., 34 Cal.4th 979, 990 (2004). When a plaintiff alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim, . . . [that] claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of the claim as a whole must satisfy the particularity requirements of Rule 9(b)." Vess, 317 F.3d at 1103-04. As noted above, to satisfy Rule 9(b), the party alleging a claim grounded in fraud must set forth facts establishing "the who, what, when, where, and how," of the misconduct. Id. at 1106. Furthermore, the party "must set forth what is false or misleading about the statement, and why it is false." Id. Merely alleging "neutral facts to identify the transaction" is insufficient. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting In re GlenFed, 42 F.3d at 1549).

The SAC alleges that Defendants "created and used the DOCUMENTS to make false and fraudulent statements" contained therein by "certifying as to the truth" of the information in the Documents. SAC, Docket No. 52 ¶¶ 143, 163, 180, 183. The SAC also alleges that Defendants "concealed information pertaining to the DOCUMENTS which would have demonstrated the falsity of those statements." Id. ¶ 162, 184.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

Richardson's SAC fails to specify which Defendant made the allegedly false statements in the Documents or when the statements were made. Richardson also doesn't allege that any false or fraudulent statements in the BCA were made to him; rather, they were allegedly made to other Defendants. Id. ¶ 29–33. In fact, the SAC acknowledges that neither McClain nor First Centennial made any representations to Richardson about the contents of the BCA. Id. ¶ 28. Richardson fails to allege how he could have relied on statements not made to him. The conclusory allegation that Richardson "actually and reasonably relied upon the DOCUMENTS" by requesting copies of them from the Defendants fails to specify how, when, or why he relied on which false statements. Id. ¶ 168. Richardson fails to sufficiently allege which statements in which documents were made by which Defendant to Richardson. Lastly, Richardson fails to connect McClain to the BCA; the allegation that McClain was "authorized" by other Defendants to present the BCA to Richardson for his signature does not sufficiently allege a "false statement" by McClain. Id. ¶ 27.

Richardson argues that his fraud claims against First Centennial depend on the principle of "indirect deception," which allows for fraud liability when a party makes a misrepresentation to one person intending that it be repeated and acted upon by the plaintiff. Docket No. 65 at 11–12. However, plaintiff alleging fraud by "indirect deception" must still allege which statements were false, who made the false statements, how they were intended to induce reliance, and resulting damages. See Mirkin v. Wasserman, 5 Cal. 4th 1082, 1096 (1993); Rest. 2d Torts § 533. As noted above, Richardson fails to sufficiently allege fraud with particularity, and thus his "indirect deception" theory fails.

For these reasons, Richardson again fails to establish "the who, what, when, where, and how" of the alleged misconduct. The Court cannot determine what allegedly fraudulent statements, if any, are attributable to either McClain or First Centennial because of these deficiencies. The SAC thus again fails to satisfy the heightened pleading requirements for claims sounding in fraud.

    2.    TILA

Congress passed TILA to "avoid the uninformed use of credit." Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989) (internal quotations omitted). The act allows consumers to rescind a transaction, "in which a security interest . . . is or will be retained .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    EDCV 17-1944 JVS (SPx)                                    Date    November 19, 2018

Title    Richardson v. First Centennial Mortgage Corporation, et al.

. . in any property which is used as the principal dwelling of the person to whom credit is extended. . . . until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). It also provides that "[t]he creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section." Id.

Richardson alleges that he became "an involuntary borrower, co-borrower or obligor" to an August 2015 mortgage that incorporated the Documents. SAC, Docket No. 52 ¶ 104. Richardson also alleges that he received no notice of his rescission rights or disclosure of the material terms of the mortgage. Id. ¶¶ 114–15. However, for the third time, Richardson's TILA claim against McClain fails because Richardson fails to allege that McClain is a creditor. Richardson again alleges that First Centennial is a creditor, id. ¶ 116, but fails to allege the facts of a transaction that would require disclosure by First Centennial. Richardson still has not provided a signed copy of the BCA, and the August 2015 deed of trust lists only Zhang as a borrower. Docket No. 41, Ex. 1. Therefore, Richardson fails to allege that he is obligated or allegedly obligated to pay any debt to First Centennial, i.e., that he was a party to any credit transaction involving a security interest in his family residence. Accordingly, the Court dismisses Richardson's first cause of action.

3.    RESPA

Only borrowers may assert RESPA claims. See Aldana v. Bank of Am., N.A., No. CV 14-7489-GHK FFMX, 2014 WL 6750276, at *3 (C.D. Cal. Nov. 26, 2014) ("[A] defendant's liability in a civil action under RESPA is limited to borrowers." (quoting Correa v. BAC Home Loan Servicing, LP, 853 F. Supp. 3d 1203, 1207 (M.D. Fla. 2012)). The only changes that Richardson makes to this claim are allegations that the terms of the BCA deemed him a borrower under the August 2015 mortgage because he is liable to guarantee Zhang's loan application, disclosure, and payments. SAC, Docket No. 52 ¶¶ 126–27. But, as discussed above, Richardson fails to allege facts showing that he was a borrower to any loan. Therefore, the Court dismisses Richardson's second cause of action.

4.    Breach of Contract

"A cause of action for breach of contract requires pleading of a contract, plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 17-1944 JVS (SPx)    Date  November 19, 2018

Title  Richardson v. First Centennial Mortgage Corporation, et al.

performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom. A written contract may be pleaded either by its terms–set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference–or by its legal effect." McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006) (quoting 4 Witkin, Cal. Proc. 4th Pleading, §§ 476, 479-80 (1997)) (internal citations omitted).

The SAC adds allegations that a binding contract was formed by an unspecified combination of "escrows" and the Documents, which Defendants breached. SAC, Docket No. 52 ¶¶ 211–20. However, the SAC again fails to allege all of the necessary elements of a breach of contract claim. First, Richardson again fails to adequately allege that he performed his duties pursuant to the alleged contracts; rather, he makes the conclusory allegation that he "complied with the terms of the escrows, the DOCUMENTS, the SETTLEMENT, and the JUDGMENT, and has done everything required of him under the terms of the DOCUMENTS." Id. ¶ 215. Second, although Richardson identifies acts that allegedly breached the escrows and the Documents, he again fails to allege what terms of said Documents that First Centennial or McClain violated with such acts. Id. ¶¶ 217–20. Therefore, the Court dismisses Richardson's sixth cause of action.

5. False Advertising and UCL

Richardson's seventh cause of action is again predicated on First Centennial's alleged false advertising. When evaluating false advertising claims under the UCL, the court must evaluate the advertisements from the vantage of a "reasonable consumer." Williams v. Gerber Prods. Co., 552 F.3d 934, 938-39 (9th Cir. 2008). Under the reasonable consumer standard, the plaintiff must allege that members of the public are likely to be deceived by the defendant's alleged false advertising. Id. at 938. This requires the plaintiff to show that the advertisement is (1) false, (2) actually misleads the public, or (3) has the capacity, likelihood, or tendency to deceive or confuse the public. Id.

The SAC essentially repeats the false advertising and UCL allegations Richardson made in the FAC. Richardson replaces "BCA" with "DOCUMENTS," id. ¶¶ 237–43, and adds allegations that First Centennial's advertisements are false because First Centennial did not assist Richardson in understanding the loan process. Id. ¶¶ 226–36.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

However, the alleged false advertisements make statements regarding actions First Centennial promises to take with those who have applied for a loan or those to whom it actually lends; as noted, Richardson concedes that he never completed a loan application with First Centennial, and the Court has already found that Richardson does not allege that he was a borrower with First Centennial. Id. ¶ 34. Consequently, there is nothing in the SAC that alleges the advertisements actually misled the public or had the capacity to mislead the public. Therefore, Richardson again fails to show any of the required elements of false advertising and unfair competition. Accordingly, the Court dismisses Richardson's seventh cause of action.

### 6. Breach of Fiduciary Duty

Richardson again failed to amend his pleading to establish why McClain and First Centennial owed him a fiduciary duty. The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Tribeca Cos., LLC v. First Am. Title Ins. Co., 239 Cal. App. 4th 1088, 1114 (2015) (quoting Gutierrez v. Girardi, 194 Cal. App. 4th 925, 932 (2011)). The SAC alleges that First Centennial owed Richardson a fiduciary duty based on its involvement with and use of the Documents, and that McClain owed a duty based on his creation of an escrow. ¶¶ 271, 276. However, Richardson again fails to make any specific allegations against First Centennial suggesting the existence of a fiduciary relationship. Furthermore, even if McClain created an escrow, the SAC fails to allege how Richardson was a party to it. Therefore, because Richardson fails to plead the existence of a fiduciary duty, the Court dismisses the tenth and thirteenth causes of action.[7]

### 7. Abuse of Process

"To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner." Coleman v. Gulf Ins. Grp., 41 Cal.3d 782, 792 (1986).

---

[7] The thirteenth cause of action for "Violation of Fiduciary Duty In Using The Clerk-Endorsed BCA to Refinance Family Residence" is alleged only against Zhang. SAC, Docket No. 52 ¶¶ 315–38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   EDCV 17-1944 JVS (SPx)                                Date   November 19, 2018

Title      Richardson v. First Centennial Mortgage Corporation, et al.

    Richardson fails to make any substantive changes to his deficient abuse of process claim. The SAC again alleges that Defendants' improper purpose was to use the Documents "to obtain refinancing [for Zhang without] her compliance with the SETTLEMENT and JUDGMENT." ¶ 297. The SAC also again alleges that Defendants "improperly obtained the signature of the Clerk of the RSC for the Clerk-Endorsed BCA," which was "unnecessary" because Richardson had already provided Howington with a signed copy of the BCA. ¶ 305. However, as the Court stated in its prior order dismissing this claim, it does not necessarily follow that an act is performed in a wrongful manner just because it is unnecessary. Furthermore, First Centennial was not a party to Richardson's family law matter, made no motion or application in that matter, and thus could not have had any plausible "ulterior motive" to allow Zhang to "avoid making" equalizing payments, as suggested in Richardson's opposition. Docket No. 65 at 28. Finally, the SAC fails to allege that McClain made any use of court process, abusive or otherwise. Therefore, the Court dismisses Richardson's twelfth cause of action.

    8.    <u>Declaratory Relief</u>

    At the hearing, Richardson argued that the SAC should survive even if all of his other claims are dismissed based on his request for declaratory relief. In the SAC, Richardson seeks a declaratory judgment that (1) the Clerk-Endorsed BCA contains false and fraudulent statements; (2) Richardson incurred no future liability as a result of signing the BCA; (3) the Documents were used by Defendants; and (4) the Clerk-Endorsed BCA and Petitioner-Endorsed BCA are cancelled. SAC, Docket No. 52 at 37, Prayer for Relief.

    Under the Declaratory Judgment Act, federal courts have discretion to "declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201. A claim for relief under the Declaratory Judgment Act requires a dispute that is: (1) "definite and concrete, touching the legal relations of parties having adverse legal interests"; (2) "real and substantial"; and (3) "admit[ting] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." <u>MedImmune, Inc.</u> v. <u>Genentech, Inc.</u>, 549 U.S. 118, 127 (2007) (internal quotation marks and citation omitted). The Declaratory Judgment Act confers "unique and substantial discretion" upon district courts "in deciding whether to declare the rights of litigants." <u>Wilton</u> v. <u>Seven Falls Co.</u>, 515 U.S. 277, 286 (1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

"As an equitable remedy, declaratory relief is 'dependent upon a substantive basis for liability' and has 'no separate viability' if all other causes of action are barred." Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1111 (E.D. Cal. 2014) (citation omitted). As stated above, the Court dismisses all of Richardson's substantive claims with prejudice. Because Richardson fails to state any claim, there is no actual controversy on which to predicate declaratory relief. See 28 U.S.C. § 2201. Accordingly, Richardson's request for declaratory relief is also dismissed.

### C.     Leave to Amend

First Centennial and McClain argue that the Court should dismiss the SAC without leave to amend. The Court agrees. This is Richardson's third opportunity to plead plausible claims for relief against First Centennial and McClain in this action. Richardson has not updated his deficient pleadings in any significant way since his original complaint, demonstrating his likely inability to plead any claim for relief if granted leave to file the Third Amended Complaint. Therefore, the Court dismisses Richardson's claims with prejudice, and without leave to amend.

Additionally, based on the foregoing, Richardson's separate motion for leave to amend is **denied as moot**.

### D.     First Centennial's Request for Sanctions

First Centennial argues that Richardson's conduct in the instant litigation warrants sanctions pursuant to the Court's inherent power and 28 U.S.C. § 1927, which First Centennial argues applies even though Richardson proceeds pro se because he is an attorney. Docket No. 53-1 at 18–22. Specifically, First Centennial argues that sanctions are warranted because the Court has struck Richardson's pleadings for failure to comply with the Local Rules, Richardson has failed to meet and confer with opposing counsel on multiple occasions, and Richardson never served the Superior Court action on First Centennial in which the court granted summary judgment to Howington. Id. at 20–21.

First Centennial requests that the Court allow it to present evidence on the amount of appropriate sanctions to award. Id. at 20. First Centennial also requests that, if the Court grants Richardson leave to amend, the Court permit First Centennial to make a motion to declare Richardson a vexatious litigant. Id. at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-1944 JVS (SPx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

The Court finds that Richardson's conduct, although troublesome, does not warrant the imposition of monetary sanctions at this stage. However, First Centennial is free to make a motion under Local Rule 83-8 to declare Richardson a vexatious litigant if First Centennial is so inclined.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants** First Centennial's motion to dismiss and McClain's motion to dismiss. The Court grants both motions to dismiss with prejudice, and Plaintiff is denied leave to amend. The Court **denies as moot** Richardson's motion for leave to file a Third Amended Complaint.

**IT IS SO ORDERED.**

Counsel for defendants shall prepare, serve and submit, within 7 days, a proposed order or orders of dismiss in accordance with this Court's ruling.

_____:__12____
Initials of Preparer     kjt