UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | February 8, 2019 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

Present: The Honorable    James V. Selna

| Lisa Bredahl | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Minute Order Regarding Request for Reconsideration**

Plaintiff Gregory Richardson ("Richardson") filed a request for reconsideration. Docket Nos. 76, 78, 80. Defendants First Centennial Mortgage Corporation ("First Centennial") and Dane McClain ("McClain") (together, "Defendants") filed separate oppositions to Richardson's request. Docket Nos. 82, 83. Richardson did not submit a reply.

For the following reasons, the Court **denies** the request.

## I. BACKGROUND

Richardson brings claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 et seq., and state common law. Second Amended Complaint ("SAC"), Docket No. 52. The claims arise out of Richardson's divorce action in California Superior Court. Id.

On November 19, 2018, the Court granted Defendants' motion to dismiss Richardson's Second Amended Complaint ("SAC") with prejudice. Order, Docket No. 74. Richardson has filed three pleadings related to the Court's order. First, Richardson filed a one-page "Reply to Order and Request for Reconsideration" stating that he objected for "several reasons" to the Court's order, and that a full request would be forthcoming by December 7, 2018. Docket No. 76. Second, on December 7, 2018, Richardson filed a six-page single-spaced pleading entitled "Request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | February 8, 2019 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

Reconsideration" without any notice of motion and without setting any hearing date in connection with the pleading. Docket No. 78. Third, on December 11, 2018, Richardson filed an eight-page single-spaced pleading entitled "Request for Reconsideration and Request for Judicial Notice of Lack of Jurisdiction by Judge Harmon in the Superior Court for the County of Riverside." Docket No. 80.

## II. LEGAL STANDARD

It is within the court's discretion to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration pursuant to Local Rule 7-18 is permissible in three situations:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision;
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision; or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18; see also School Dist. No. 1J, Multnomah Cnty. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (providing that reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18. Furthermore, "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

## III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  EDCV 17-1944 JVS (SPx)            Date  February 8, 2019

Title  Richardson v. First Centennial Mortgage Corporation, et al.

### A.     Richardson's Motion Is Procedurally Deficient

As an initial matter, the Court notes that Richardson's request for reconsideration violates Local Rules 6-1, 7-3, 7-4, 11-3.1.1, and 11-3.2.[1]  It is within the Court's discretion to "decline to consider" motions that fail to comply with Local Rules 7-3 through 7-8.  L.R. 7-4.  However, even on the merits, the Court denies Richardson's motion.  Therefore, the Court declines to deny the motion based on its procedural deficiencies.

### B.     Richardson's Motion Is Substantively Deficient

Richardson's request for reconsideration merely repeats the arguments he presented in support of his opposition to Defendants' motions to dismiss.  For example, Richardson argues he is entitled to declaratory judgment (1) on the status of a document he signed during his divorce proceedings, the Borrowers Certification & Authorization ("BCA"), regarding any obligations owed by Richardson, and (2) that he "is not a borrower to any loan" and "has no obligation related to the mortgage transaction" between First Centennial and Richardson's former spouse.  Docket No. 78 at 2.  Richardson also repeats his argument that a Superior Court judge presiding over his divorce proceedings acted without jurisdiction because she had not taken her judicial oath as required by California law, and that various judicial officers and other parties conspired to suppress that fact.  See generally, Docket No. 80.  Because these arguments were previously presented to the Court, they are improper on a motion for reconsideration.  L.R. 7-18.

Furthermore, although Richardson argues that his causes of action should be "reinstated," Richardson has not even argued that there was a "material difference in fact

---

[1] L.R. 6-1 requires that "every motion . . . be presented by written notice of motion."  Richardson's motion does not contain any notice.  L.R. 7-3 requires parties to meet and confer to discuss the substance of motions at least seven days prior to filing the motion.  Richardson does not make a showing of compliance with this meet and confer requirement.  L.R. 7-4 requires that all moving papers in support of any motion be served and filed with a notice containing "a concise statement of the relief or Court action the movant seeks" and the "date and time of the motion hearing."  Richardson's motion does not contain any notice.  L.R. 11-3.1.1 requires the use of 14-point font or larger in court filings.  Richardson's motion uses 12-point font.  L.R. 11-3.2 requires line numbering and double-spacing, neither of which are utilized in Richardson's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1944 JVS (SPx) | Date | February 8, 2019 |
| Title | Richardson v. First Centennial Mortgage Corporation, et al. | | |

or law" which could not have been known to Richardson with reasonable diligence at the time of Defendants' motions to dismiss. Docket No. 78 at 3–5. Similarly, Richardson has not pointed to the "emergence of new material facts or a change of law" after the Court's order. Finally, Richardson fails to show that the Court did not consider material facts which were before the Court at the time of its dismissal Order. In sum, Richardson's request for reconsideration fails to demonstrate "clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law." AcandS, 5 F.3d at 1263. Therefore, Richardson's request for reconsideration must be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **denies** the request. The Court finds that oral argument would not be helpful in this matter, and the February 11, 2019 hearing is vacated. Fed. R. Civ. P. 78(b); L.R. 7-15.

**IT IS SO ORDERED.**

| | : | 00 |
|---|---|---|
| Initials of Preparer | lmb | |